# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CARLOS FRANCISCO SANTANA MERO,** BOP Reg. # 77986-112,     Movant, | : : : : : | **MOTION TO VACATE** **28 U.S.C. § 2255** |
| v. | : : : | **CRIMINAL ACTION NO.** **1:16-CR-228-MHC-AJB-1** |
| **UNITED STATES OF AMERICA,**     Respondent. | : : : | **CIVIL ACTION NO.** **1:20-CV-1070-MHC-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Carlos Francisco Santana Mero, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 42.][1] The Government filed a motion to dismiss, [Doc. 54],[2] to which Movant did not respond. For the reasons discussed below, the undersigned **RECOMMENDS** that the Government's motion to dismiss be **GRANTED**.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:16-cr-228-MHC-AJB-1.

[2] The Government incorrectly filed a copy of its motion to dismiss as Document 4 in the civil case, 1:20-cv-1070-MHC-AJB. The Clerk is **DIRECTED** to terminate that document. The civil case exists solely for the Court's internal administrative purposes. The parties must file documents only in the criminal case, 1:16-cr-228-MHC-AJB-1.

I.    **Discussion**

On October 16, 2019, Movant pleaded guilty to conspiracy to import at least five kilograms of cocaine.  [*See* Docs. 1, 32.]  On February 20, 2020, the District Court filed the Judgment and Commitment, sentencing Movant to seventy-eight months of imprisonment, followed by five years of supervised release.  [Doc. 37.]  The Clerk of Court received Movant's notice of appeal, [Doc. 38], on March 2, 2020, and § 2255 motion, [Doc. 42], on March 5, 2020.

The Government moves to dismiss Movant's § 2255 motion for lack of jurisdiction because his appeal is pending.  [Doc. 54.]

> In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence. . . .  The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice.

*Blair v. United States*, 527 Fed. Appx. 838, 839 (11th Cir. Aug. 22, 2013) (per curiam) (citations omitted).  As the Government correctly points out, there are no extraordinary circumstances in the present case.  [*Id.* at 3.]  Therefore, the Government's motion to dismiss should be granted, and Movant's § 2255 motion should be dismissed without prejudice.

2

## II. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

3

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the Government's motion to dismiss, [Doc. 54], be **GRANTED**, (2) the § 2255 motion, [Doc. 42], be **DISMISSED WITHOUT PREJUDICE**, (3) a COA be **DENIED**, and (4) civil action number 1:20-cv-1070-MHC-AJB be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 12th day of June, 2020.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE